## Department of Public Assistance v. Grimplin

*Joseph W. Ray*, for Department of Public Assistance.
*Anthony Cavalcante*, for defendant.

CARR, J., April 14, 1942.—The Department of Public Assistance of the Commonwealth of Pennsylvania has brought this action of assumpsit to obtain reimbursement of moneys expended by it under the Public Assistance Law of June 24, 1937, P. L. 2051, as amended by the Act of June 26, 1939, P. L. 1091, 62 PS §2501 et seq.

The grant was made to Frances Grimplin, a widowed mother, as assistance to her dependent children, and was paid to her over the period from June 1937 to January 1940, in monthly instalments aggregating $1,206.80. Judgment against her is now demanded because, as it is alleged, she was, during the time such assistance was rendered, the owner of real and personal property liable for the repayment of such assist-

ance under the terms of The Support Law of June 24, 1937, P. L. 2045, sec. 4, as amended by the Act of June 9, 1939, P. L. 310, 62 PS §1974. In an affidavit of defense raising questions of law, Mrs. Grimplin contends that, since it is not alleged that any expenses were incurred for her own support or maintenance, a cause of action against her has not been stated.

Section 4 of The Support Law provides that "The real and personal property of any indigent person shall be liable for the expenses of his support, maintenance, assistance and burial, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred . . . Any public body or public agency may sue for moneys so expended . . . ."

The nature and purpose of the assistance provided for dependent children under the Public Assistance Law were considered in Reiver's Estate, 343 Pa. 137. In that case a grant had been made to the mother of supposedly dependent children, in ignorance of the fact that the children had estates of their own rendering assistance unnecessary, and it was held that the assistance furnished was recoverable out of the property of the children, because they and not the mother were the beneficiaries of the grant. There it was pointed out that though, as a matter of administrative practice, such a grant is paid to the mother, it being impracticable to make the remittances to the children themselves, the purpose of the grant is not to assist her as an individual or widow, but solely to enable her to give her indigent children in their own home the shelter, clothing, food, and care that would otherwise have to be provided by the Commonwealth in an institution or through a child-caring agency. She is chosen in preference to any other medium through whom assistance intended for the welfare of the children may be furnished because she will render them the needful service at least cost and with the added devotion ex-

pressive of a mother's love. The department makes the remittances to the mother as a quasi-trustee, just as in allowance to institutions for the maintenance of incompetent persons the State makes the payments not for the support of the institutions but for the care of the patients. Since, therefore, it does not appear that any part of the assistance here sought to be recovered from Mrs. Grimplin was furnished to her as an indigent person or was directly applicable to her own support, she is not charged with liability for its repayment.

It is true that section 3 of The Support Law of June 24, 1937, P. L. 2045, 62 PS §1973, makes it the duty of the mother of an indigent child, if of sufficient financial ability, to care for and maintain or financially assist such child at such rate as the court of the county where such child resides shall order or direct; but here there is no allegation that Mrs. Grimplin was in fact of sufficient financial ability to care for and maintain her children or to assist them financially, beyond such contribution as she may have made. Such ability cannot be inferred from the mere fact of her ownership of a little property, possibly only a modest home in which, with essential aid, her children have been maintained. Unless it can be shown that she was unjustly enriched by the grant of assistance for the support of her children, restitution cannot be required.

We conclude that a cause of action has not been stated.

### Order

And now, April 14, 1942, after hearing, the third question of law raised in the affidavit of defense is decided in favor of defendant, and leave is granted to plaintiff to file an amended statement of claim within 15 days.